RECEIVED
SDNY PRO SE OFFICE

2022 JUL 29   PM 2: 58

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID W. WAGNER,
Petitioner
                                22-CV-0360 (AKH)
-against-                       ] 19-CR-0437 (AKH)
                                28 U.S.C. Section 2255
UNITED STATES OF AMERICA,
Respondent

The motion is denied.  I previously extended the
Government's time to respond to August 11,
2022.  Accordingly, there is no default.  The
Clerk shall terminate ECF No. 172 in 19 Cr. 437
and ECF Nos. 17 and 19 in 22 Civ. 360 and mail
a copy of this order to Defendant.  So ordered.
Alvin K. Hellerstein
August 2, 2022

MOTION FOR DEFAULT JUDGMENT

Now comes Petitioner, in Pro Se capacity, respectfully requesting the Court to consider this Motion for Default Judgment ("Motion for Default"). Petitioner respectfully requests the Court's latitude to the extent this Pro Se Motion for Default contains procedural errors or omissions, in light of Petitioner's lack of professional legal experience or training.

WHEREAS, this Court issued an order (Civil Docket #7) which required Respondent to file any opposition to Petitioner's original Section 2255 Motion to Vacate, Set Aside or Correct a Sentence ("Original Motion") within forty-five (45) days of Petitioner's filing of the court ordered "Attorney-Client Privilege Waiver (Informed Consent)" form ("Waiver"); and

WHEREAS, Petitioner filed that court-ordered Waiver form on May 12, 2022 (Civil Docket #13); and

WHEREAS, the court-ordered deadline for Respondent's filing of opposition to Petitioner's Original Motion was June 28, 2022, which date was forty-five (45) days after Petitioner's filing of the Waiver form; and

WHEREAS, the docket for this case, 22-CV-0360 (AKH), fails to reflect any filing of opposition to Petitioner's Original Motion as of July 15, 2022, that date being sixty-two (62) days after Petitioner's filing of the Waiver form; and

WHEREAS, a review of the impact of the CARES Act, First Step Act and Good Time Credit on the time incarcerated by other inmates serving 72 month sentences, as in the Petitioner's case, at FCI Otisville's Satellite Camp, where Petitioner is currently incarcerated, indicates that a maximum of 24.5 months is now served until release, by inmates with similar age, health, and length of sentence as Petitioner. This is based upon applying a reduction of approximately 11 months (15% of 72 months) for Good Time Credit, and applying a further reduction of 12 months under the First Step Act, reducing the sentence to 49 months; and then, under the CARES Act, releasing the inmates when they have served 50% of that reduced sentence of 49 months, which is 24.5 months. The time served would be further reduced by application of the Elderly Offender program (reduction of 1/3 of sentence) for inmates, such as Petitioner, that are over age 65. So, 24.5 months is actually the maximum time of incarceration by inmates with similar sentences, age and health circumstances as Petitioner; and

WHEREAS, in Petitioner's case, the BOP's own doctor has confirmed that Petitioner has many of the health risk factors currently enumerated under the CARES Act, including: Obesity; Hypertension; Hyperlipidemia; Coronary Artery Disease; Gastro-Esophageal Reflux Disease (GERD), with Barrett's Esophagus (pre-cancer); Obstructive Sleep Apnea (OSA); and Former Smoker; and

WHEREAS, Petitioner has already served twenty-seven (27) months under effective home confinement prior to his self surrender into BOP custody, with 24 hour electronic monitoring, requirement to remain in his home every night, restricted daily travel and movement, and supervision of a probation officer. In addition, Petitioner has now been incarcerated for more than nine (9) months as of the date of this Motion for Default, with additional time continuing to be served after the submission of this Motion for Default. This total time served of thirty-six (36) months, and continuing, already exceeds the 24.5 months served to release by other inmates at OTV Camp with 72 month sentences that qualify for reductions under Good Time, First Step and CARES, and far exceeds the time served by similarly situated inmates that also qualify for further reductions, as does Petitioner, under the Elderly Offender program; and

THEREFORE, for the foregoing reasons, the undersigned requests that this Court:

1. Vacate, Set Aside or Correct Petitioner's current sentence:
2. Correct Petitioner's current sentence, as follows:
(a) revise term of incarceration to "time served" as of the date of this Court's order, accompanied by order for immediate release from custody,
(b) revise term of probation to six (6) months following release,
(c) revise amount of restitution to $0.00,
(d) revise forfeiture, fines and fees to $0.00,
3. approve appointment of new legal representation for Petitioner from the CJA list, and
4. such other relief as the Court deems just and proper.

                              Respectfully submitted,
                              David W. Wagner
                              /s/ DAVID W. WAGNER, Pro Se

Certificate of Submission
I hereby certify that this Motion was submitted by USPS postal mail, through OTV Camp, no later than July 25, 2022, with copy also mailed to Respondent.

David W. Wagner, #12143-070
FCI Otisville, Satellite Camp
PO Box 1000
Otisville, NY 10963

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————————————

DAVID W. WAGNER,
Petitioner
                        22-CV-0360 (AKH)
-against-              ] 19-CR-0437 (AKH)
                        28 U.S.C. Section 2255
UNITED STATES OF AMERICA,
Respondent

—————————————————————————————

ORDER

After review of the 28 U.S.C Section 2255 Motion to Vacate, Set Aside or Correct a Sentence and with no objections submitted hereto, it is

ORDERED that:

1. Petitioner's current sentence is hereby Vacated, Set Aside or Corrected;
2. Petitioner's current sentence is corrected, as follows:
(a) term of incarceration is hereby corrected to "time served", as of the date of this Court's order, and the Petitioner's immediate release from BOP custody is ordered,
(b) term of probation is hereby corrected to six (6) months following Petitioner's release from BOP custody,
(c) amount of restitution is hereby corrected to $0.00,
(d) amount of forfeiture, fines and fees is hereby corrected to $0.00, and
3. Appointment of new legal representation for the Petitioner is hereby ordered, such appointment to be made from CJA list.

IT IS SO ORDERED

Date: _____

Signature: _____

By: Alvin K. Hellerstein, U.S. District Judge



RECEIVED
SDNY PRO SE OFFICE
2022 JUL 29  PM 2: 30

WESTCHESTER NY  105

27 JUL 2022   PM 3   L

◇12143-070◇
David Wagner
Box 1000 FCI Otisville
Satellite Camp
Otisville, NY 10963
United States

◇12143-070◇
Pro Se Intake Unit
500 Pearl ST
Room 200
NEW YORK, NY 10007
United States

10007-131699