UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DAVID WAGNER,

                Movant,

-against-

UNITED STATES OF AMERICA,

                Respondent.

22-CV-0360 (AKH)

19-CR-0437 (AKH)

**<u>ORDER AND OPINION
DENYING MOTION
TO VACATE SENTENCE</u>**

---

ALVIN K. HELLERSTEIN, United States District Judge:

        Pro se petitioner David Wagner moves to vacate his sentence under 28 U.S.C. 2255, arguing that during the pre-trial, plea, and sentencing stages of his underlying criminal case, he was "deprived of his constitutional right to effective assistance of counsel." ECF No. 143, 183. The Government responds, *inter alia*, that the representation provided by Wagner's counsel, Martin Cohen Esq., did not fall below an objective standard of reasonableness, and requests that the motion be denied. For the reasons explained below, Wagner's motion to vacate his sentence under 28 U.S.C. 2255 is denied.

### BACKGROUND

        On June 12, 2019, Petitioner-Defendant was charged in five counts related to his direction of a Ponzi-like investment scheme that resulted in the loss of approximately $10 million and harmed approximately 40 investors. ECF No. 95, PSR, ¶¶ 14-19; 80, 85. His charges included one count of conspiracy to commit securities fraud; two counts of substantive

securities fraud; one count of conspiracy to commit wire fraud, and one count of conspiracy to commit wire fraud, in violation of Title 15, United States Code, Sections 78j(b) & 78ff; Title 17, Code of Federal Regulations, Section 240.10b-5; Title 18, United States Code, Section 1349; and Title 18, United States Code, Section 1343.

On September 21, 2020, Wagner pleaded guilty to Counts Two (securities fraud), Three (securities fraud), and Five (wire fraud). *Id.* ¶ 8. During his plea allocution, Wagner was placed under oath and affirmed: that he had consulted with his attorney as to all aspects of his case; that he disclosed all the facts to his counsel which his counsel needed to effectively represent him; that he was satisfied with his counsel's services; that he understood that after accepting the plea he would be bound by whatever sentence I imposed; and that he was believed he was actually guilty of committing the crimes pleaded to. ECF No. 88 at 3-4, 10-12, 17.

Now, Petitioner moves to vacate his sentence under 28 U.S.C. 2255, arguing that during the pre-trial, plea, and sentencing stages of his underlying criminal case, he was "deprived of his constitutional right to effective assistance of counsel." ECF No. 143. In sum, he argues that his counsel (1) failed to investigate potential defenses (including the purported failure to hire various experts to do the same) (2) failed to advise Wagner correctly regarding the law governing the element of intent in wire and securities fraud; and (3) was purportedly ineffective at sentencing by failing to challenge various enhancements (reflected in his plea agreement) to his offense conduct under the United States Sentencing Guidelines. For the reasons outlined below, I find that Petitioner has not supported his motion by a preponderance of the evidence, and therefore deny said motion.

## DISCUSSION

**A. Legal Standard**

28 U.S.C. § 2255(a) provides in relevant part that a prisoner "may move the court which imposed the sentence to vacate, set aside or correct the sentence" if the sentence was "imposed in violation of the Constitution or laws of the United States." Relief under Section 2255 is available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in [a] complete miscarriage of justice." *Graziano v. United States*, 83 F.3d 587, 590 (2d Cir. 1996).

To prevail on his claim that his sentence was imposed in violation of his Sixth Amendment right to counsel, Petitioner must prove by a preponderance that the assistance provided by his counsel was ineffective. *Cuoco v. United States*, 208 F.3d 27, 30 (2d Cir. 2000)). To do so he must demonstrate: (1) that his counsel's performance "fell below an objective standard of reasonableness," and (2) that he suffered actual prejudice—*i.e.*, "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 693-94 (1984); *Kovacs v. United States*, 744 F.3d 44, 49 (2d Cir. 2014) ("A claim of ineffective assistance entails a showing that: 1) the defense counsel's performance was objectively unreasonable; and 2) the deficient performance prejudiced the defense.") In evaluating whether Wagner has met prong one of the *Strickland* test, I "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2020) (quoting *Strickland*, 466 U.S. at 689).

3

**B. Effectiveness of Counsel**

Wagner has failed to prove by a preponderance of the evidence that the assistance he received from his counsel during the pre-trial, plea, and sentencing stages of his underlying criminal case was ineffective.

First, Wagner's claim that his counsel was ineffective pre-trial fails. The evidence does not support Wagner's argument that his counsel failed to investigate potential defenses, hire necessary experts, or "refused to undertake even the most basic steps to assemble the relevant facts in this case," as Wagner claims. ECF No. 143 at *21. No fact Wagner points to or argument Wagner makes is sufficient to overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Harrington* 689 F.3d at 129 (2d Cir. 2020).

Second, Wagner's claim that his counsel was ineffective at the plea stage fails. To begin, Wagner's argument that his counsel misinformed him as to the intent elements of securities and wire fraud fails. During his plea allocution, Wagner accepted responsibility for defrauding investors. ECF No. 88 at *17. His statements under oath fulfill the scienter requirement for securities fraud, and the intent requirement for wire fraud. There is no indication that Wagner did not understand his allocution or did not receive sound legal advise from his counsel. *US v. Litvak*, 808 F.3d 160, 178 (2d Cir. 2015) ("Liability for securities fraud requires proof that the defendant acted with scienter, which is defined as a mental state embracing intent to deceive, manipulate or defraud.") (internal quotation marks omitted); *United States v. Jabar*, 19 F.4th 66, 76-77 (2d Cir. 2021) (describing the intent requirement for wire fraud). Wagner's

4

plea, during which he stated under oath that he understood that after accepting the plea he would be bound by whatever sentence I imposed, also belies his claim that he received "inaccurate guidance" regarding his plea and potential sentences he might receive after entering into the plea agreement. In sum, the record supports a finding that Counsel's performance at the plea stage did not fall below an objective standard of reasonableness.

Third, Wagner's claim that his counsel was ineffective at sentencing fails. In advance of the sentencing, Wagner's counsel submitted an extensive and well-reasoned sentencing memorandum. ECF No. 97. This memorandum carefully analyzed the applicability of the 3553(a) sentencing factors and made a good case for Mr. Wagner based on both the facts and law. This memorandum, as well as counsel's effective in-person argumentation, was a significant factor I took into account when imposing a sentence that was below the Guideline range. This, in addition to myriad other instances of professional advocacy, indicate that Wagner's counsel met or exceeded "prevailing professional norms," *Strickland*, 466 U.S. at 688, and thus cannot be found to have provided ineffective assistance to his client.

Having found that Wagner has failed to carry his burden of demonstrating that his counsel's advocacy fell below an objective standard of reasonableness, I deny Petitioner's motion. In doing so, I need not progress to the second prong of the *Strickland* test. 466 U.S. at 697 ("[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one."). Nor must I hold an evidentiary hearing, because Petitioner has failed to "set forth specific facts supported by competent evidence, raising detailed

and controverted issues of fact that, if proved at a hearing, would entitle him to relief." *Gonzalez v. United States*, 722 F.3d 118, 131 (2d Cir. 2013).

## CONCLUSION

For the reasons stated herein, the motion is denied. Petitioner has provided no evidence tending to show that his prior counsel's performance was deficient under the test set out in *Strickland v. Washington*. The clerk is instructed to terminate ECF No. 143.

SO ORDERED.

Dated: ~~February~~ March 2, 2023
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

6